By the Court.—
The two notes upon which this question arises, not being payable in money alone, are not negotiable under the act; the endorsement, therefore, would not enable the Defendant to sue for them in his own name; nor, for the same reason, to set them off. But for the purpose of showing that they form the proper subject of a set-off, that class of cases has been referred to, wherein Courts of Law have taken notice of an equity and a trust, and have given effect to the claims of a person beneficially interested, though no party to the record. Without tracing particularly these cases, which are often recurred to, it is sufficient to observe, that whenever the principle which governs them, has been acted upon, it was because the justice of the case manifestly required it; and for the purpose of giving that decision according to the merits in the first instance, which a Court of Equity would ultimately have pronounced, though with greater delay and expence to the parties. These authorities have guided many decisions in our own Courts, and must continue to have a just influence upon cases where the same or similar circumstances justify their application. There are, however, two circumstances in this cause which render it improper that the Defendant should be considered as the owner *82 of the notes, for the purpose of admitting them as sets-off. One is, that, the note upon which the suit is brought, though not negotiable, is assigned to M’Dowell, for whole use the money is to be received. This appears on the face of the proceedings : and if we regard the assignment of these notes as vesting the property of them in the Defendant, equal justice requires that the assignment to M’Dowell, should be also considered as vesting the other note in him. Then the set-off would not be against a claim of Wofford, but of M’Dowell, and of course mutuality, its essential principle, is wanting. Greenlee’s equitable interest ought only to be taken into consideration by the Court, for the purpose of lessening the demand of Wofford, the real debtor upon the notes; but to give it the effect of lessening the demand of M’Dowell, who is as well entitled to the whole amount, as Greenlee is to the set-off, would be to pervert the principle of the cases referred to. It is rather singular that Greenlee having these two notes, (as it appears by the date of the endorsement) should have given the note sued for to Wofford, without deducting the amount of them.